**No. P69/37.**—Consolidated International Equipment & Supply Co. v. United States, protests 60/20938 and 60/30179 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of paper cutters and parts, dedicated for use therewith, similar in all material respects to those the subject of *Consolidated International Equipment & Supply Co.* v. *United States* (56 Cust. Ct. 442, C.D. 2671), wherein the court held that the paper cutters and the motors for said paper cutters were separate entities rather than an entirety, the protests were dismissed and the matter remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the paper cutters and motors in the manner provided by law (28 U.S.C. § 2636(d)).

**No. P69/38.**—F. B. Vandegrift & Co., Inc. v. United States, protests 62/4344, etc. (Philadelphia).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of melting furnaces imported as entireties with electric motors of more than 1/10 horsepower similar in all material respects to those the subject of *F. B. Vandegrift & Co., Inc.* v. *United States* (56 Cust. Ct. 325, C. D. 2644), wherein it was held that the ovens and motors were separate articles of commerce, the protests were dismissed and the matter remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the ovens and motors in the manner provided by law (28 U.S.C. § 2636(d)).

BEFORE THE SECOND DIVISION, FEBRUARY 12, 1969

**No. P69/39.**—Miniature Fashions, Inc., et al. v. United States, protests 59/11599, etc. (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of shirts for cabana sets similar in all material respects to those the subject of *Miniature Fashions, Inc.* v. *United States* (54 CCPA 11, C.A.D. 894) wherein said shirts were held dutiable as entireties with the pants, the claim of the plaintiffs was sustained.